**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY RAY PARRISH, | No. 09-55893 |
| Petitioner - Appellant, | D.C. No. 5:07-cv-01402-GW-AN |
| v. | |
| JAMES A. YATES, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 15, 2012
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

Jerry Ray Parrish ("Parrish") appeals the denial of his petition for a writ of

habeas corpus. Parrish argues on appeal that his sentence, stemming from four

felony convictions under California's three strikes law, is grossly disproportionate

to his crimes and therefore constitutes cruel and unusual punishment under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Eighth Amendment. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Parrish's three strikes sentence does not fail the gross disproportionality test. *See Lockyer v. Andrade*, 538 U.S. 63, 73-76 (2003) (affirming a sentence of two consecutive terms of twenty-five years to life for stealing $150 worth of video tapes under California's three strikes law); *Ewing v. California*, 538 U.S. 11, 21-22 (2003) (affirming a three strikes sentence of twenty-five years to life for the theft of three golf clubs). Parrish has numerous prior misdemeanor and felony convictions, including a felony conviction for robbery with the use of a firearm and a felony conviction for robbery causing great bodily harm. In addition, his current convictions are more serious than those in *Lockyer* and *Ewing*. Because the California Court of Appeal's decision affirming Parrish's sentence was not contrary to, or an unreasonable application of, clearly established federal law, habeas relief may not be granted. *See* 28 U.S.C. § 2254(d).

AFFIRMED.